# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HENRY CLAY SMITH, # 128122,** | : |
| Plaintiff, | : |
| vs. | :  CIVIL ACTION 21-0383-KD-MU |
| **DONALD MCMILLIAN,** *et al.,* | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff Henry Clay Smith, who is proceeding *pro se*, filed a § 1983 complaint together with a Motion to Proceed Without Prepayment of Fees while an Alabama prison inmate. (Docs. 1, PageID.1; Doc. 2, PageID.23). Upon review of the complaint and Plaintiff's litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and did not pay the $402 filing and administrative fees when he filed this action.

**I. Section 1915(g) and Clay's Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed.  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002).  "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'"  *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

Because Plaintiff sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his complaint.  (Doc. 1).  In screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed the dockets of the United States District Courts for the Northern, Middle, and Southern Districts of Alabama to determine if Plaintiff has three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  From these dockets, the Court discovered that Plaintiff has had at least three actions or appeals dismissed for one of the listed reasons, namely,[1]*Smith v. Haddock,* CA No. 5:2011-03429-RDP-PWG (N.D. Ala. Jan. 5, 2012) (failure to state a claim), *appeal* No. 12-10468-D (11th Cir. July 23, 2012) (three-judge court found appeal frivolous), and *Smith v. Haddock,* CA No. 4:2015cv01601-MHH-HGD (failure to state a claim) (N.D. Ala. May 31, 2016), *appeal*

---

[1] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov.  *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

No.16-13668-F (11th Cir. June 12, 2017) (three-judge court found appeal frivolous).[2] Thus, the present action comes within the scope of 28 U.S.C. § 1915(g) and is due to be dismissed unless Plaintiff can satisfy the exception to § 1915(g).

## II. **Section 1915(g)'s Exception**.

Section 1915(g)'s exception requires that at the time of the complaint's filing, Plaintiff must show that he was "under imminent danger of serious physical injury." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must exist at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL

---

[2] Plaintiff had two other actions dismissed pursuant to 28 U.S.C. § 1915(g), namely, *Smith v. Haddock,* CA No. 4:2012cv03906-JHH-MHH (N.D. Ala. Dec. 29, 2012), and *Smith v. Meigs,* CA No. 5:2020cv00980-LSC-HNJ (N.D. Ala. Aug. 7, 2020).

Another action, which does not contain an AIS number, possibly may be attributed to Plaintiff as he has convictions from Morgan County, Alabama, according to ADOC's website, and a prisoner named Henry Clay Smith while incarcerated at the Morgan County Jail filed *Smith v. State of Alabama,* CA No. 5:95cv00339-ELN-ETC (N.D. Ala. May 23, 1995) (frivolous). *Cf. Henry Clay Smith, AIS # 128122, v. Morgan County Jail,* CA No. 5:95cv014850-CLS-ETC (N.D. Ala. Mar. 26, 1997).

484547, at *1 (S.D. Ala. 2007) (unpublished).  Plaintiff's allegations do not show he was experiencing or would experience an imminent danger of serious physical injury.

Plaintiff named as Defendants Judge Donald McMillian with Circuit Court of Dallas County, Alabama, and Judge Mary Windom with the Alabama Court of Criminal Appeals.  (Doc. 1 at 10, PageID.10).  Plaintiff alleges that McMillian has ignored mandates from the Court of Criminal Appeals in 2013, 2017, and 2021 when his sentences were reversed and remanded three different times. (*Id.* at 4-5, PageID.4-5).  On December 21, 2020, McMillian dismissed Plaintiff's Rule 32 petition challenging his 1980/81 and 1985 sentences for third-degree burglary and receiving stolen property, respectively, and subsequently, on March 16, 2021, McMillian is alleged to have entered altered documents into the appeal record, thereby committing fraud on the court.  (*Id.* at 4, 6-7, 20, PageID.4, 6-7, 20).  Moreover, Windom allows McMillian to ignore these mandates.  (*Id.* at 8, PageID.8).  Then, on May 28, 2021, Mary Windom reversed and remanded the summary dismissal of Plaintiff's Rule 32 petition even though she knew McMillian altered the documents.  (*Id.* at 9, 20-21, PageID.9, 20-21).  Plaintiff argues that the decision should be "reversed and rendered, or, remanded to vacate."  (*Id.* at 9, PageID.9.  For relief, Plaintiff requests this Court to "reverse[] and render[], remand to vacate."  (Doc. 1 at 12, PageID.12).  Based on these allegations and attachments to the complaint, the Court is unable discern that Plaintiff was in imminent danger of suffering a serious physical injury when he filed his complaint on September 3, 2021.

However, section 1915(g) requires that Plaintiff must have been in imminent danger of serious physical injury when he filed his complaint.  28 U.S.C. § 1915(g).  It is

4

Plaintiff's burden to make such a showing. 28 U.S.C. § 1915(g); *Medberry,* 185 F.3d at 1193. Accordingly, the Court finds that Plaintiff did not meet his burden of showing that he was in imminent danger of serious physical injury when he filed his complaint.

### III. Conclusion.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $402 filing and administrative fees at the time he filed this action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 13th day of October, 2021.

<u>**s/ P. BRADLEY MURRAY**</u>
**UNITED STATES MAGISTRATE JUDGE**